(No. 26511.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NORMAN HAIGES, Plaintiff in Error.

*Opinion filed May 13, 1942.*

NORMAN HAIGES, *pro se.*

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error seeks the reversal of a judgment of the criminal court of Cook county finding him guilty of manslaughter. An indictment in five counts charged him with making an assault upon the body of one Margaret Baine, with a truck, causing her death. Upon a trial before the court, a jury having been waived, he was found guilty and sentenced to imprisonment in the penitentiary for not less than one nor more than fourteen years.

Plaintiff in error, a layman, appears *pro se* and has filed but a part of the common law record. He urges, first, that the indictment is defective in the forms required by law; second, that it is insufficient, indefinite and uncertain; third, that it contains brief histories of other crimes, not named in the title, on the face thereof, but which were "by false pretense, legal trickery and prejudice" hidden behind the abbreviation "etc.;" fourth, that the indictment sets forth that he intentionally and wilfully committed the crime charged, without the grand jury having a standard upon which to base a charge of wilfulness; fifth, that he was denied his constitutional right to a fair and impartial trial by the admission of incompetent evidence, and sixth, that he was denied his constitutional right to have witnesses testify in his behalf.

The court found him guilty as charged in the first count, therefore if that count was sufficient to sustain the finding

of guilt, the first four assignments of error must be overruled. The attack on the first count is that it sets forth the fact that plaintiff in error willfully ran over the said Margaret Baine and that the grand jury did not receive the testimony of a competent witness to show wilfulness.

An indictment is not evidence against an accused. It is but a charge that the accused committed the crime charged by such indictment. Its purpose is to apprise the accused of the exact crime he is charged with committing, so that he may prepare his defense to the charge against him.

The first count charged that plaintiff in error unlawfully, feloniously, wilfully and wantonly made an assault, with a motor vehicle, in a public highway, upon and against the body of Margaret Baine, causing her death. This language left no doubt that the acts of plaintiff in error, if proved as charged, were the cause of the death of Margaret Baine. The first count was sufficient and the trial court did not err in overruling the motion to quash. *People* v. *Jeffers,* 372 Ill. 590; *People* v. *Wallage,* 353 id. 95.

Plaintiff in error's fifth and sixth assignments of error assert that he was denied his constitutional right to a fair and impartial trial because of the introduction of incompetent evidence against him and because of the denial of the testimony of witnesses in his behalf. These assignments of error are based upon errors alleged to have been committed in the course of the trial. No bill of exceptions is incorporated in the record, therefore there is nothing before us from which we may determine whether these assignments of error have merit, and they cannot be considered.

Finding no error in the record requiring a reversal of the judgment of the criminal court, that judgment is affirmed.                                                *Judgment affirmed.*