**People of the State of Illinois, Appellee, v. Thomas Mc-Graw and Jerry Robertson, Appellants.**

Gen. No. 53,347.

First District, Fourth Division.

October 15, 1969.

Rehearing denied November 18, 1969.

David B. Kahn, of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and Robert Kelty, Special Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

After a bench trial, the defendants were found guilty of battery and were sentenced to six months in the Illinois State Farm at Vandalia. The cases were consolidated on appeal. The defendants' sole contention is that they did not knowingly and understandingly waive their right to a jury trial.

The defendants were initially charged with robbery. At the preliminary hearing the State's witnesses testified to the alleged criminal conduct and subsequent arrest of the defendants. After presenting its case the State asked

leave to nolle prosse the felonies and file reduced charges of battery. Defense counsel, an Assistant Public Defender, then asked leave to withdraw from the case and have private counsel appointed to represent one of the defendants. He stated that based upon the evidence introduced by the State, the defendants' stories conflicted as to who actually beat the complaining witness and he therefore could not represent two people with conflicting stories being tried together. The following colloquy then took place:

THE COURT: "Do you want to represent one?"

MR. SCHEFFLER: "Unless both want me to represent them."

THE COURT: "Do you boys want the Public Defender to represent you?"

MR. ROBERTSON: "Yes, but what he said about us blaming each other is not right."

MR. McGRAW: "Yes, we want the Public Defender."

THE COURT: "Then you talk with the Public Defender and straighten it out."

(Discussion off the record between the Public Defender and the defendants.)

MR. SCHEFFLER: "They have decided they want to be represented by me today."

THE CLERK: "The charge is battery. What is the plea?"

THE COURT: "Nolle prosse the felony."

MR. SCHEFFLER: "Not guilty, jury waived."

(Witnesses sworn.)

THE COURT: "Were they arraigned?"

THE CLERK: "Yes. The charge is battery, and the plea is not guilty, jury waived."

MR. KARAVIDAS: "Will you stipulate that the evidence heard on the preliminary hearing would be the same as on the present charge of battery?"

MR. SCHEFFLER: "So stipulated."

THE COURT: "So stipulated, so ordered. Proceed."

Defendants contend that they did not knowingly and understandingly waive their right to a jury trial. In People v. Brownlow, 114 Ill App2d 458, 252 NE2d 685, the court said, "The requirement that a jury waiver by defendant must be knowingly made, has been held to impose a duty on the trial judge to ascertain to his satisfaction that the waiver was understandingly made. People v. Turner, 80 Ill App2d 146." In the instant case neither defendant signed a written jury waiver and their counsel waived the right to a jury trial for them. The court made no attempt to explain the effects of such a waiver but immediately proceeded with the trial.

In Boykin v. Alabama, 395 US 238, 242, the United States Supreme Court stated, "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." By analogy the same standard may be applied to determine whether or not a jury waiver was understandingly and intelligently made. In the case before us the record is silent as to any affirmative showing that the defendants knew or understood the effects of a jury waiver. Therefore, the trial court failed to fulfill its obligation to ascertain to its satisfaction that a jury waiver was understandingly made.

The State argues that the principle of silent acquiescence should be applied to the conduct of the defendants when their attorney waived the right to a jury trial. People v. Novotny, 41 Ill2d 401, 244 NE2d 182; People v. Sykes, 110 Ill App2d 91, 249 NE2d 121. We do not agree. In People v. Brownlow, supra, the court said:

> The State urges that defendants' silence before the court should be construed as an acquiescence to their counsel's statement that a jury was waived, citing People v. Melero, 99 Ill App2d 208. We recognize that whether a jury waiver has been knowingly and understandingly made, depends upon the facts and circumstances of each case, and there can be no precise formula for determining the issue. People v. Palmer, 27 Ill2d 311; Richardson, supra. We must, however, disagree with the Melero opinion to the extent that it stands for the proposition there stated (pages 211–212) that "the trial court was entitled to rely on the professional responsibility of defendant's attorney that when he informed the court that his client waived a jury, it was knowingly and understandingly consented to by his client." We believe that the court cannot, in that way, delegate its responsibility to assure to a defendant his understanding of so basic a right as that of trial by jury.

For the reasons herein presented, the judgments of the Circuit Court are reversed and remanded for a new trial.

Reversed and remanded.

ENGLISH and LEIGHTON, JJ., concur.