THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MIKEAL G. KOUNTKOFSKY, Defendant-Appellant.

(No. 72-45;

Second District—December 5, 1972.

Albert S. Salvi, of Lake Zurich, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of Model District State's Attorney's Office, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant appeals from a conviction of driving while under the influence of intoxicating liquor. Only the common-law record has been filed with this court.

The defendant was arrested on August 22, 1971, at 3:30 A.M. in Lake County and a citation was issued charging the defendant with "D.W.I." at 3:30 P.M. on August 22, 1971. At the date set for trial, the defendant answered ready and waived a trial by jury. The State then moved to amend the complaint and was allowed to amend to "Driving While under the influence of intoxication [sic] liquor." The defendant has alleged in his statement of facts (which was objected to by the State) that he then moved for a continuance based on surprise, which motion was denied. Evidence was heard and at the conclusion of the State's case the State was allowed to further amend the complaint to allege 3:30 A.M.

The defendant on appeal contends the cumulative effect of the errors in the complaint were such as to mislead the defendant in preparing his case and the court abused its discretion in not granting a continuance after the amendment to the complaint was granted. No contention is made the defendant was not proven guilty beyond a reasonable doubt. The defendant further contends in his statement of facts, that the place of the violation was not properly designated.

■■ The allegations of the defendant with regard to the time and place of the violation are without merit. Ill. Rev. Stat. 1969, ch. 38, Sec. 111—3(a)(4) now provides that the charge shall set forth "the date and county of the offense." The defendant was adequately protected since he could have made a motion for a bill of particulars to set forth the exact time and place of the violation. (*People v. Griffin* (1967), 36 Ill.2d 430, 223 N.E.2d 158; *People v. Blanchett* (1965), 33 Ill.2d 527, 212 N.E.2d 97; *People v. Reed* (1965), 33 Ill.2d 535, 213 N.E.2d 278.) Additionally, the record does not disclose that the defendant objected to the motions to amend the complaint.

■■ The designation "D.W.I." upon the complaint as the charge was improper. Such a designation does not state the elements of the crime or allow the defendant to plead the judgment in bar of a subsequent prosecution. (*People v. Griffin, supra, People v. Stringfield* (1962), 37 Ill.App.2d 344, 185 N.E.2d 381.) However, the State moved and the complaint was amended as set forth above.

■■ The last contention of the defendant is the court abused its discretion in not granting a continuance. No evidence of a motion for a continuance is found in the record before us. The defendant cannot now attempt to contradict the common law record. (*People v. Jones* (1956), 9 Ill.2d 481, 138 N.E.2d 522.) Further, there is no showing in the record of any abuse of discretion by the trial court in refusing to grant another continuance.

Further, this court does not feel the defendant was either surprised or denied the opportunity to properly prepare his defense by the amendment of the complaint. Counsel for defendant and the defendant were well aware of the nature of the charge and were well able to prepare a defense, if one were available.

Judgment affirmed.

SEIDENFELD, P. J., and T. MORAN, J., concur.