The People of the State of Illinois, Plaintiff-Appellee, *v.* Donald M. Smith, Defendant-Appellant.

(No. 72-291;

Third District—May 21, 1973.

Franklin M. Wallace, of Rock Island, for appellant.

James N. DeWulf, State's Attorney, of Rock Island, (William Dueringer, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Donald M. Smith appeals to this court from a finding of guilty in a non-jury trial for the offense of driving while under the influence of intoxicating liquor as a result of which defendant was sentenced to a fine of $150 plus costs, by the circuit court of Rock Island County. The defendant initially was charged with "driving while under the influence of liquor". The attorneys for defendant, by letter, waived the defendant's right to a jury trial. At the time the case was set for trial and prior to the commencement of trial, the State moved to amend its complaint to "driving while under the influence of *intoxicating* liquor". (Emphasis added.) This amendment was allowed by the court over objection by defendant. Defendant then requested a continuance to the amended charge and further demanded a jury trial on the amended charge. This was done with considerable emphasis. The defense counsel in fact advised the court in the argument relating to objection to the amended charge that if the amendment was granted, defendant wished to have a jury trial on the charges as amended by the State. Defense counsel stated to the court that counsel felt that the initial charge was improper and that the defendant wished to have a jury trial if the court would permit the amendment. The court allowed the amendment and overruled the request for a jury trial and the request of defendant to withdraw the waiver of jury.

■■ The question, therefore, before the court on appeal on this issue is whether defendant understandingly waived a jury trial and, if so, whether the trial court committed reversible error in refusing defendant a jury trial, as a consequence of the action of the State in amending the charge against defendant. We agree with the prosecution that the case of *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 399, has overruled such cases as *People v. McGraw*, 115 Ill.App.2d 444, 253 N.E.2d 518, *People v. Brownlow*, 114 Ill.App.2d 458, 252 N.E.2d 685, and *People v. Turner*, 80 Ill.App.2d 146, 225 N.E.2d 65, insofar as the requirement of admonition by the court is concerned. For the reason that defendant is presumed to speak through his attorney and is bound by the attorney's actions, however, we believe that the instant case presents an unusual situation. In the cause before us, the waiver of jury trial apparently was made for the purpose of taking advantage of what counsel for defendant believed was a technical failure in connection with the charge in omitting the word "intoxicating" before the word "liquor" in the charge. When the

request was made to amend such charge by the prosecutor, the defense counsel made clear to the court that defendant desired a trial by jury in the event the charge was amended, and requested such jury trial when the amendment was allowed, all prior to commencement of the trial. The court denied the request on the premise that the charge had not been altered sufficiently to surprise defendant. At issue, however, was whether defendant's counsel felt that defendant was confronted with a purely legal question arising from a deficiency in the charge. The circumstance that defense counsel may have been wrong in such conclusion, should not in itself bar defendant from a timely assertion of a request for a trial by jury.

■■ It is true that this request is addressed to the sound discretion of the trial court but it is likewise true that the trial court's discretion should be exercised reasonably and that the present situation created an unusual set of facts which should raise a question in the mind of the trial court as to whether the waiver of jury, in view of the amendment allowed, was understandingly made by defendant. The record indicates that the waiver may not have been intended to be made with respect to the charge as amended, but solely to the charge as originally specified. Had the case proceeded upon the original charge and had defendant at such time requested a waiver of jury trial, it is obvious, under the precedent of *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 399, that the trial court would justifiably and properly deny such request to withdraw the waiver of jury. When, however, a situation exists such as is present in the instant case, and the amendment is initiated by the prosecutor and is allowed, the trial court, under such circumstances, we believe, should have allowed the request to withdraw the jury waiver.

■■ It is not essential, at such time, to conclude that the charge would in any manner have been deficient as originally set forth. We recognize that in *People v. Haney*, 95 Ill.App.2d 1, 238 N.E.2d 110, the charge as originally filed would have been construed as sufficient to sustain a conviction. It may have been the theory of counsel that the *Haney* precedent should not be maintained. In any event, the defendant under the facts before us may not have understandingly waived trial by jury to the charge as amended. The circumstance that the defendant was under the impression that it did make such a significant difference, creates an apparent situation where defendant may not have understandingly waived a trial by jury to the charge as amended. If, however, the defendant had waited until after the bench trial had commenced, the trial court would then have properly denied a request to withdraw the jury waiver. Normally, a waiver by counsel of jury trial on behalf of a client should be binding on the client. The peculiar circumstances of the

instant case constitute the sole reason for departure from the rule which would otherwise control.

■■ While this cause will be reversed for failure of the trial court to permit the defendant to withdraw the waiver of jury trial in this cause for the reasons stated, we should observe that the other contention made by defendant that the record failed to prove defendant guilty beyond a reasonable doubt is not sustained by the record. The record discloses that two witnesses testified concerning the degree of intoxication of defendant which was corroborated in part by the testimony of defendant and the facts relating to the manner in which defendant was driving the wrong way on a one-way street and the inability to stop his automobile for over two minutes before the collision in the case. The officers who observed defendant had experience in observing intoxicated persons and their testimony would have been sufficient to sustain a conviction.

For the reasons stated, this cause will be reversed and remanded to the Circuit Court of Rock Island County with directions to allow the motion to withdraw the waiver of jury trial and for further proceedings in this cause.

Reversed and remanded with directions.

STOUDER and SCOTT, JJ., concur.