ABEL GARCIA *et al.*, Plaintiffs-Appellants, *v.* HYNES & HOWES REAL ESTATE, INC., Defendant-Appellee—(TERRY L. HENSON, Defendant.)

(No. 74-319; )

Third District—June 26, 1975.

Robert T. Park, of Rock Island, for appellants.

Shifley & Hora, of Davenport, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Rock Island County which dismissed the complaint of plaintiffs, Abel Garcia and Martha Garcia, for failure to state a cause of action, ostensibly on the ground that no implied warranty of habitability could arise from the contract for the sale of a new home, built by the seller, which was executed in 1970.

The complaint discloses that the Garcias contracted to buy a house from the builders, defendant Hynes & Howes Real Estate, Inc., in October of 1970. On January 25, 1974, plaintiffs filed the complaint in this cause, which, as amended, charged defendants with breaching the implied warranty of habitability arising from the contract. The complaint specifically alleged lack of habitability by reason of flooding of the lower level of the house following rains.

██ We gave careful consideration to the precise issue which is now before us in *Hanavan v. Dye* (3rd Dist. 1972), 4 Ill.App.3d 576, 281 N.E.2d 398. In that case we recognized that a contract for sale of a new home, when the vendor was also the builder, could be construed

as containing an implied warranty that the house would be habitable and fit to live in. We, also, concluded that such implied warranty of habitability could serve as a basis for a breach of contract action by the purchaser.

The trial court in the cause before us apparently acknowledged that *Hanavan v. Dye* was in point and justified plaintiffs' cause of action, but concluded that since the contract of purchase was signed in 1970, 2 years before the *Hanavan v. Dye* decision, no such cause of action existed in 1970 and, consequently, dismissed the complaint. In *Weck v. A:M Sunrise Construction Co.* (1st Dist. 1962), 36 Ill.App.2d 383, 184 N.E.2d 728, the appellate court affirmed a verdict based upon breach of implied warranty of habitability. Thereafter, in the old Third District Appellate Court, which did not include Rock Island County within its borders, in the case of *Coutrakon v. Adams* (3rd Dist. 1963), 39 Ill.App. 2d 290, 188 N.E.2d 780, the court reversed a verdict based, in part, upon a cause of action predicated upon implied warranties in the field of new home sales, and stated that there was no implied warranty on the part of vendor, of fitness, condition or quality.

As a result of the conflicting opinions in the appellate courts, the litigants in this court directed emphasis in discussion to the question of whether or not the *Hanavan v. Dye* opinion controlled. As we view the record, *Hanavan v. Dye* did not overrule prior law other than in the sense that it concurred in the original appellate court decision in *Weck* and rejected the conclusion in *Coutrakon*.

As we have indicated in *Hanavan v. Dye*, the doctrine of implied warranty of habitability has been widely accepted. Also, the doctrine of implied warranty was given recognition in connection with the sale of goods (Ill. Rev. Stat. 1973, ch. 26, §§ 2—314, 2—315). Its application to the field of the sale of new homes by a building contractor, however, had not been uniformly accepted. The view has been taken, therefore, that the implied warranty of habitability was an unresolved question in the courts of this State, since the supreme court has not yet ruled upon the issue. The supreme court found the problem "interesting" but refused to examine it in affirming *Coutrakon* on other grounds. (31 Ill.2d 189, 201 N.E.2d 100.) We discussed both the *Weck* case and the *Coutrakon* case at length in our decision in *Hanavan v. Dye*. We there concluded that the *Weck* case should be followed and that the *Coutrakon* case should be rejected. In *Hanavan v. Dye* we found that an implied warranty of habitability should be recognized specifically in cases where the contractor-builder sells directly to a lay purchaser such as we have in the instant case.

We do not believe it is necessary to repeat the extensive discussion

of this issue which is set forth in *Hanavan v. Dye*. We called attention to the cases noted in Annot., 25 A.L.R. 3d 383 (1969) and the review of cases contained in several law review articles which supported a *Hanavan v. Dye* conclusion. It is apparent that in *Hanavan v. Dye*, we followed the *Weck* case and rejected *Coutrakon*, and sought to clarify the applicable law. We concluded that it had been properly applied in the *Weck* case in 1962.

■■ It is apparent from the briefs that as a result of two contrary appellate court opinions, on the same level, covering different geographical regions of the State, there was some area of uncertainty as to the applicable rule. The opinions of any appellate court necessarily are binding on all circuit courts across the State, but not on the other branches of the appellate court. (14 I.L.P. *Courts* § 83 (1968).) While we agree that it cannot be said conclusively with certainty that a cause of action based on an implied warranty of habitability is recognized in this State (in absence of a supreme court decision) we believe that the precedent of *Weck*, sustained in *Hanavan v. Dye*, sufficiently establishes that this warranty of habitability has at least been recognized since 1962 in this State. We found it to be applicable in our Third District Appellate Court opinion in 1972, which originated in Rock Island County, as does the instant case.

It is true that when a case directly overrules another older case, or some long-recognized rule of law, it is generally applied on a retroactive basis. (See Annot., 10 A.L.R.3d 1371 (1966); Annot., 14 L.Ed.2d 992, and cases cited therein.) The primary exception to that rule, particularly the civil cases, indicates that where there has been substantial reliance on the old rule or case, retroactivity would not apply. In the cause before us, however, there is no indication that defendant asserts a reliance on any alleged previous rule as preventing the maintenance of the cause of action such as we have in the present case. As a practical matter we cannot think of any reasonable reliance which might insulate the defendants from the logic of *Hanavan v. Dye*. The *Weck* case was earlier in time and recognized that the rule was applicable in this State. In *Hanavan v. Dye*, we agreed that the *Weck* decision was proper and should be followed.

Also, with respect to the reliance exception, it has been suggested, and seems logical, that the reliance exception would not even apply to case law, except to those opinions by the court of last resort—which in our case would be the Illinois Supreme Court. (*Board of Directors of Chicago Theo. Seminary v. People ex rel. Raymond* (1901), 189 Ill. 439, 455-6, 59 N.E. 977, *aff'd*, 188 U.S. 662, 47 L.Ed. 641.) Obviously there was no reasonable basis for defendant to rely on any supposed

Illinois rule, since the *Weck* case, the first in point of time, had established a rule of responsibility under the doctrine of implied warranty of habitability. It is also apparent that a cause of action of the character set forth in the complaint has been recognized by an increasing number of states since 1960 (25 A.L.R. 3d 383 *et seq.*).

While defendant contends that the trial court may reach its own conclusion in a given situation where there may be an isolated appellate court opinion from another district which supports a contrary conclusion, we do not believe that principle would be applicable here. Since *Weck* was in force and effect since 1962, there were no overruling decisions involved. To apply the principle of optional selectivity by a trial court in such situation could create an anomalous situation where the trial court one week would follow one principle and the following week, a contrary principle. We believe *Hanavan v. Dye* is binding on this court and on the trial court. A trial court, located in an appellate district where a conclusion on an issue is reached, should adhere to that conclusion and not to one promulgated in another district. A decision by the Illinois Supreme Court, of course, would be binding on all courts. The *Hanavan* case expresses the preferable rule and more closely adheres to equitable principles and the avoidance of hardship to innocent purchasers.

On the basis of the decision of *Hanavan v. Dye* and in the *Weck* case, and the record before us, we believe that the trial court erred in finding that the principles announced in *Hanavan* and previously upheld in *Weck*, were not applicable to the suit in the instant case, presumably because of the *Coutrakon* decision. *Coutrakon* did not establish a decision binding upon this court. In *Hanavan* we followed the *Weck* case and certainly in our district, at least, *Hanavan* should be followed by a trial court. We believe that the principle has been established that an implied warranty of habitability is specifically recognized in and limited to cases where the contractor-builder sells directly to a lay purchaser.

For the reasons stated, the order of the trial court dismissing the complaint is reversed and such court is directed to reinstate and proceed with this cause in the Circuit Court of Rock Island County in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

STENGEL and BARRY, JJ., concur.