THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHNNY ADAMS, Defendant-Appellee.

Fifth District   No. 75-550

Opinion filed March 24, 1977.

G. MORAN, J., dissenting.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Rolf F. Ehrmann, both of Illinois State's Attorneys Association, of counsel), for the People.

Leon G. Scroggins, of Granite City, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The State appeals from an order of the circuit court of Madison County granting the motion of defendant, Johnny Adams, to dismiss an indictment for failure to state an offense.

The indictment in question charged that:

"Johnny Adams on the 1st day of May, 1975, at and in the county of Madison, in the state of Illinois, committed the offense of unlawful delivery of a controlled substance, in that said defendant did knowingly and unlawfully deliver to Dennis Higgins and James Williams less than 30 grams of a substance containing heroin, otherwise than as authorized in the Controlled Substances Act in violation of Paragraph 1401(b), Chapter 56½, Illinois Revised Statutes * * *."

The defendant filed a motion to dismiss alleging that the indictment failed to specify that heroin is a "narcotic drug." The trial court reasoned that failure to describe heroin as a "narcotic drug" rendered it uncertain whether the defendant was being indicted for a Class 2 or a Class 3 felony and held that the indictment was therefore fatally defective.

■■ The courts of Illinois have for many years used a well-defined standard to test the sufficiency of an indictment. Although the language used varies slightly from case to case the essence of the test applied is whether the indictment is sufficiently specific to inform the defendant of the offense charged so as to enable him to prepare a defense and to allow pleading the resulting judgment in bar of any future prosecution for the same conduct. *People v. Pujoue*, 61 Ill. 2d 335, 335 N.E.2d 437; *West v. People*, 137 Ill. 189, 27 N.E. 34.

■■ Judging the indictment by the test heretofore applied, both for indictments attacked for the first time on appeal and those brought into question at the trial level, we find the indictment here sufficient. A criminal charge is to be read as a whole, and where a statute is cited therein the statute and the charge are to be read together. *People v. Baez*, 20 Ill. App. 3d 896, 314 N.E.2d 258.

Section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401), cited in the indictment, reads in relevant part:

"Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this Section with respect to:
* * *

(b) any other amount of a controlled substance classified in Schedules I or II which is a narcotic drug is guilty of a Class 2 felony. * * *;

(c) any other amount of a controlled substance classified in Schedules I or II which is not a narcotic drug is guilty of a Class 3 felony. * * *"

Schedule I (Ill. Rev. Stat. 1975, ch. 56½, par. 1204) is divided into three sections dealing respectively with, opiates, opium derivatives and

hallucinogens. Schedule I lists, as a controlled substance, in the section dealing with opium derivatives, "heroin." The definition section of the statute (Ill. Rev. Stat. 1976 Supp., ch. 56½, par. 1102(aa)) reads:

"'Narcotic drug' means * * * (1) opium * * * and any * * * derivative * * * of opium * * *."

Thus it is possible by a simple reading of the statute to ascertain that heroin is a narcotic drug the delivery of which in a quantity less than 30 grams is a Class 2 felony. By including definitions of narcotic drugs in the statute it is obvious that the legislature intended that they be resorted to in interpreting the related sections of that statute.

Further we think this a proper case in which judicial notice might be taken that heroin is a narcotic. It is so defined in Websters Third New International Dictionary and we also think it to be an element of common knowledge. (See *U.S. v. Pisano* (7th Cir. 1951), 355, 359-60.) In *People v. Robinson*, 14 Ill. 2d 325, 330, 153 N.E.2d 65, the supreme court took judicial notice that heroin is a derivative of opium.

■■ To find the indictment in question defective would be so technical a construction as to serve as a protection for the guilty rather than a defense for the innocent. (*People v. Grigsby*, 357 Ill. 141, 147, 191 N.E. 264.) We believe the defendant's objection to be unduly technical and unrealistic. *People v. Binkley*, 25 Ill. App. 3d 27, 31, 322 N.E.2d 514; *People v. Haney*, 95 Ill. App. 2d 1, 238 N.E.2d 110.

The order of the circuit court of Madison County is in error and is reversed and the cause remanded for further proceedings.

Reversed and remanded.

EBERSPACHER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

In taking judicial notice that heroin is a narcotic as a means of validating this indictment the majority misapprehends the nature and purpose of the judicial notice doctrine. I cannot agree that this court can remedy a defective indictment by supplying missing words through judicial notice.

Judicial notice is a legal shortcut excusing the requirement of formal proof at trial of those facts generally known with certainty by all the reasonably intelligent people in the community and those capable of accurate and ready determination by resort to sources of indisputable accuracy. (McCormick, Evidence § 328, at 757-58 (2d ed. 1972).) As such, it is a tool relating to trial evidence, not to specific charges in indictments. An indictment is a formal accusation that the accused named therein committed the crime charged, and its purpose is to apprise the accused of the exact crime he is charged with so that he may prepare his defense

accordingly. *People v. Haiges*, 379 Ill. 532, 41 N.E.2d 749; 21 Ill. L. & Prac. *Indictments & Informations* § 3 (1956).

The illogic of the majority's holding is thereby made apparent. Judicial notice of matters of evidence relate to those facts not requiring formal proof before a trier of fact. The fact finder, as a representative of the community in which the facts are well known or are capable of ready determination, is chargeable with the body of knowledge attributable to the community. A defendant charged by indictment, on the other hand, is entitled to specificity. We cannot and should not make rules developed through trial advocacy in relation to trial evidence applicable to indictments.

This case was originally assigned to the author of this dissent for opinion. My thoughts on this case are best exemplified by the following remarks which are nearly identical to the language of my proposed opinion.

On September 25, 1975, the defendant filed a motion to dismiss alleging that the indictment failed to specify that heroin is a "narcotic drug." On October 8, 1975, the court dismissed the indictment without prejudice. The State timely submitted a motion to reconsider the order and submitted therewith an answer to a bill of particulars stating that heroin is in opium derivative as well as a narcotic drug, and a motion to amend the indictment by inserting the words "a narcotic drug" after the word "heroin" in the indictment. The State's motions were denied and this appeal ensued.

The State argues that the indictment is sufficient to apprise the defendant of the charge against him and to enable him to prepare a defense and plea acquittal or conviction as a bar to further prosecution for the same offense. The State further contends that the words "narcotic drug" are not indispensable prerequisites for a valid indictment under section 401(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b)).

The defendant argues that without the words "narcotic drug" the indictment does not state an offense; that the indictment contains a fatal ambiguity and thus violates the defendant's right to be apprised of the nature of the charges against him in that he does not know whether to prepare a defense or charge under section 401(b) or section 401(c) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, pars. 1401(b), 1401(c)). The pertinent section of the statute reads:

> "Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this section with respect to:

* * *

(b) any other amount of a controlled substance classified in Schedules I or II which is a narcotic drug is guilty of a Class 2 felony * * *;

(c) any other amount of a controlled substance classified in Schedules I or II which is not a narcotic drug is guilty of a Class 3 felony. * * *."

A comparison of (b) and (c) above indicates that the narcotic nature of the drug provides the only distinction. Thus, the classification of a drug as narcotic or nonnarcotic determines whether the crime will be a Class 2 felony or a Class 3 felony. This is precisely what the trial judge had in mind in his order granting defendant's motion to dismiss the indictment:

"Section 111—3 of Chapter 38 requires that an indictment set forth the nature and elements of the offense charged. Having charged the defendant under Section 1401(b), it is incumbent upon the State to include all of the elements of an offense under that section. To prove a violation of that section the State must prove that the controlled substance in question is a 'narcotic drug.' While it may be common knowledge that heroin is a narcotic drug, we do not feel that this is something that the Court could take judicial notice of. A reading of the other sections of the Controlled Substances Act do not clearly answer the question. True, the Court could by searching the statute, string together a chain of sections from which it could be concluded that heroin is a narcotic drug. We do not think that this is either required or proper. The defendant is entitled to know what he is to defend against, i.e., should he be prepared to prove that heroin is not a narcotic drug or meet proof that heroin is a narcotic drug, can he consider pleading guilty to a charge which is a Class 2 felony or is it really an offense which is a Class 3 felony. We do not think that the defendant should be put to this choice. If he is to be charged with a Class 2 felony, that should be spelled out clearly."

I agree with the trial court that a proper charge under section 401(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b)) must indicate the narcotic nature of the drug and that a failure in this regard is not a mere formal error easily corrected by amendment. (Ill. Rev. Stat. 1975, ch. 38, par. 111—5.) The clear and explicit language of section 111—3 of the Code of Criminal Procedure requires that both the statutory provision cited and the nature and elements of the offense charged be set forth. (*People v. Pujoue*, 61 Ill. 2d 335, 338, 335 N.E.2d 437.) Since the narcotic nature of the drug is an essential element of a charge under section 401(b) of the Illinois Controlled Substances Act, section 111—3 requires that it be set forth in the indictment.

In urging us to sustain the indictment in this case, the State has noted

that the word "heroin" can be traced through a series of definitions in the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, pars. 1204(c)(9) and 1102(aa)) to the words "narcotic drug." Thus, the argument continues, heroin is by definition a "narcotic drug" and the inclusion of the word "heroin" in the indictment clarified any ambiguity possibly occasioned through the absence of the words "narcotic drug," particularly in light of the widespread recognition of heroin as a narcotic.

On this point I am guided by the principles recently enunciated by our supreme court in the cases of *People v. Pujoue*, 61 Ill. 2d 335, 335 N.E.2d 437, and *People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456. In *Pujoue* the defendant raised the question of the sufficiency of the indictment for the first time on appeal, after having been convicted in a bench trial of unlawfully carrying a weapon. In determining the effect of the failure to allege in the indictment that the gun was "loaded," the supreme court made the following statement:

> "We are not here presented the question and we do not decide whether this complaint could withstand a pretrial motion filed pursuant to section 114—1 or a motion in arrest of judgment filed pursuant to section 116—2 of the Code of Criminal Procedure. While we do not approve of any failure to comply strictly with the explicitly stated requirements of section 111—3 of the Code of Criminal Procedure, the sufficiency of a complaint attacked for the first time on appeal must be determined by a *different standard*, and we do not agree with the appellate court that failure to allege an element of the offense in the complaint, *per se*, rendered it void.
>
> When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. [Citations.]" (61 Ill. 2d 335, 339.) (Emphasis added.)

Nearly identical language is found in *People v. Gilmore*, 63 Ill. 2d 23, 29, 344 N.E.2d 456. See also *People v. Rege*, 64 Ill. 2d 473, 356 N.E.2d 537.

It is thus apparent that the standard this court would have previously applied to test the sufficiency of the indictment in this case is now applicable only to those challenges to indictments which are first made on appeal. The supreme court has clearly stated in the above cases that pretrial motions filed pursuant to section 114—1 or motions in arrest of judgment filed pursuant to section 116—2 of the Code of Criminal Procedure must be determined by a "different standard." I interpret this language as requiring greater specificity in the words of the indictment when challenged in the trial court.

Such a conclusion has the support of reason and is readily justifiable in

practice. It is only logical that a defendant should not be heard to complain on appeal that alleged deficiencies in the indictment prevented his understanding of the charges and his preparation of a defense when he has offered a defense at the trial predicated on precisely such understanding and preparation. Correspondingly, where an indictment is challenged before trial and the State is afforded the remedy of a more explicit reindictment through a dismissal without prejudice, as in the instant case, an indictment should be much more closely scrutinized.

It is very important that those charged with the responsibility of drafting indictments do so with particularity in order to avoid disputes such as the one in the instant case. Where, as here, the State may re-indict the defendant and correct the error which brought about the dismissal, a requirement of greater specificity is not unduly technical or unrealistic.