THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
REID SIMPSON, Defendant-Appellant.

Fourth District    No. 15329

Opinion filed August 16, 1979.

GREEN, J., specially concurring.

Craig H. Greenwood, of Bloomington, for appellant.

Richard M. Baner, State's Attorney, of Eureka (Marc D. Towler and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted of driving while under the influence of intoxicating liquor, a violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(a)). A fine and a 7-day jail sentence were imposed. Upon this direct appeal, the defendant contends that the trial court erred when that court denied the defendant the right to withdraw a jury waiver. The defendant also contends that his sentence was excessive. Another issue—whether venue was established by the evidence—was waived at oral argument.

In May 1978, the defendant was sought to be charged by a uniform traffic citation with driving under the influence. The defendant contends here, and indeed the People concede, that the original citation was defective in that it failed to state the nature and the elements of the

offense as required by statute. (See *People v. Kountkofsky* (1972), 8 Ill. App. 3d 725, 290 N.E.2d 307; *People v. Greer* (1974), 18 Ill. App. 3d 617, 310 N.E.2d 391 (abstract); *People v. Allen* (1972), 8 Ill. App. 3d 176, 289 N.E.2d 467.) It is clear from this record that had the defendant been convicted under the charge as originally filed—if the issue was raised before trial—the defendant's conviction would have been void.

On June 29, 1978, the defendant signed a printed form of card which stated that he was pleading not guilty and that he waived a jury trial.

Thereafter, a bench trial was set for July 18. When the defendant did not appear on that date, the trial was reset for August 22 and then reset for September 13, all in 1978. On September 19, 1978, an *information* charging the defendant with driving under the influence of intoxicating liquor was filed by the State's Attorney. There is no doubt but that that information was filed to cure the defect in the form of the charge contained in the original traffic ticket. A motion to withdraw the jury waiver was thereafter filed by the defendant on October 23, 1978. The motion recited that the original charge was defective and that the existence of that defect formed a substantial part of the consideration for the waiver. The motion to withdraw was denied. The trial court judge noted that a case, *People v. Norris* (1978), 62 Ill. App. 3d 228, 379 N.E.2d 80, was deemed not to be on point.

■■ The case of *People v. Smith* (1973), 11 Ill. App. 3d 423, 296 N.E.2d 628, is cited and discussed by the court in *Norris*. The court's language is as follows:

"There, the defendant was originally charged with 'driving while under the influence of liquor.' Defense counsel, of the opinion that the charge was fatally defective for its failure to include the word 'intoxicating,' advised his client to waive a jury trial. On the day of the trial, but prior to the hearing of any evidence, the State moved to amend its charge to include the word 'intoxicating.' Defense counsel objected, but the court allowed the amendment. Defendant then sought to withdraw his jury waiver, but the trial court refused his request. The appellate court reversed, stating that although the general rule is that withdrawal of a jury waiver is a matter for the discretion of the trial judge, the peculiar set of facts should have raised the question as to whether the waiver of a jury, in view of the amendment of the charge, was understandingly made by the defendant. The court also stated that the circumstance that defense counsel may have been wrong in his conclusion that the charge was fatally defective should not in itself bar a defendant from a timely assertion of a request for a trial by jury." (*Norris*, 62 Ill. App. 3d 228, 232, 379 N.E.2d 80, 83.)

Although the *Norris* case *is not* on point in that there the defendant sought

to withdraw the jury waiver after the commencement of trial, the *Smith* case is practically on all fours with this case, and as such, was applicable here and binding upon the circuit court in this matter. *Carcia v. Hynes & Howes Real Estate, Inc.* (1975), 29 Ill. App. 3d 479, 331 N.E.2d 634.

■■ Furthermore, in *People v. Clarke* (1950), 407 Ill. 353, 95 N.E.2d 425, the court stated that an amendment to an information which in its original form failed to state a crime constituted an abandonment of the original information. In *Clarke*, as here, the original charge was defective. In *Clarke*, as here, the original charge was amended, and then an offense was stated. While the supreme court in *Clarke* clearly indicated that the information could be amended, the court proceeded to state that, under such circumstance, the defendant has leave to change his plea.

There has been and continues to be a liberalization of the formalities of amending charges in criminal proceedings. We agree with the statement of the court in *Smith* that a motion to withdraw a jury waiver is addressed to the sound discretion of the trial court. In the course of its opinion, the court continued:

> "It is true that this request is addressed to the sound discretion of the trial court but it is likewise true that the trial court's discretion should be exercised reasonably and that the present situation created an unusual set of facts which should raise a question in the mind of the trial court as to whether the waiver of jury, in view of the amendment allowed, was understandingly made by defendant. The record indicates that the waiver may not have been intended to be made with respect to the charge as amended, but solely to the charge as originally specified. Had the case proceeded upon the original charge and had defendant at such time requested a waiver of jury trial, it is obvious, under the precedent of *People v. Sailor*, 43 Ill. 2d 256, 253 N.E.2d 399, that the trial court would justifiably and properly deny such request to withdraw the waiver of jury. When, however, a situation exists such as is present in the instant case, and the amendment is initiated by the prosecutor and is allowed, the trial court, under such circumstances, we believe, should have allowed the request to withdraw the jury waiver." 11 Ill. App. 3d 423, 425, 296 N.E.2d 628, 630.

For the reasons stated, the order of the trial court denying the defendant's motion to withdraw his waiver of jury is reversed and this cause is remanded to the circuit court of Woodford County with directions to allow the motion and for further proceedings.

Reversed and remanded with directions.

TRAPP, J., concurs.

534

Mr. JUSTICE GREEN, specially concurring:

I agree that the conviction and sentence should be reversed and the case remanded.

The majority correctly states the citation to have been abandoned and the defendant charged for the first time by a document stating a crime upon filing of the information. The dictum of *Clarke* indicates that he had a right to plead anew to the information. By the same logic he had a new right to a jury trial as to the crime charged by the information. I do not deem the jury waiver to the abandoned charge to stand to the new charge even though the citation referred to the same offense as the information. Orderly procedure requires otherwise.

I disagree with the *Smith* analysis that if a defendant waives jury trial hoping a charge is defective so that he can go to trial assured of either an acquittal or a conviction subject to reversal, the trial court abuses its discretion by denying a withdrawal of the waiver if the defect is corrected. Here, defendant asserts neither a lack of understanding as to the consequences of jury waiver nor of the nature of the offense for which he was to be tried. He had no right to rely upon the charge remaining defective and had no right to withdraw a jury waiver merely because his hoped-for strategy was thwarted. If the jury waiver had stood to the information as well as the citation, the trial court would not have abused its discretion in denying withdrawal.