THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD T. SPENCER, Defendant-Appellant.

Fourth District   No. 4—86—0743

Opinion filed August 31, 1987.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Carol Pope, State's Attorney, of Petersburg (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On July 18, 1985, defendant, Richard T. Spencer, was charged by a two-count information with the offense of forgery in the circuit court of Menard County. Count I charged defendant with issuing the forged document (Ill. Rev. Stat. 1983, ch. 38, par. 17—3(a)(2)), and count II charged him with possession of the forged document (Ill. Rev. Stat. 1983, ch. 38, par. 17—3(a)(3)). On September 26, 1986, after a bench trial, the court found the defendant guilty of forgery, and on October 31, 1986, the court sentenced defendant to five years' im-

prisonment. He has appealed maintaining: (1) the court erred in denying a motion by defendant to dismiss when the information had been amended while the motion was pending; and (2) the court should have allowed the defendant to withdraw his jury waiver after permitting the foregoing amendment.

The original information, filed July 18, 1985, alleged that defendant, with the intent to defraud, knowingly delivered to Fidelity Federal Savings and Loan and knowingly possessed with intent to deliver to that entity:

> "[A] document which he knew had been made or altered so that it appeared to have been made by another, said document being apparently capable of defrauding another in that it purported to have been made by another, Robert L. Hoffman, R.ADM., U.S.N., said document being an undated letter with the heading 'Bureau of Naval Personnel, Retirement Division, Washington, D.C.,' and signed as maker Robert L. Hoffman *** ."

The State was permitted to amend the information on August 13, 1985, by attaching to the amended information the document alleged to have been forged. Then, on October 5, 1985, defendant filed a jury waiver and appeared in court on October 29, 1985, to make a jury waiver. The previously described motion of the defendant to dismiss was filed on January 16, 1986. On January 30, 1986, the State made a second amendment to the information. On February 28, 1986, the motion to dismiss the information as amended was denied. This ruling gave rise to defendant's first claim of error.

The other claim of error arises because, prior to trial, defendant was arraigned on the information as twice amended and requested to withdraw his prior jury waiver. While the question of whether a defendant may withdraw a jury waiver is usually a matter of discretion with the court, the parties do not dispute that defendant was entitled to a withdrawal of his jury waiver if the amendment made after he had waived a jury trial added elements necessary to state a cause of action. *People v. Simpson* (1979), 74 Ill. App. 3d 531, 393 N.E.2d 740.

Thus, the most important issue in the case is whether the information was sufficient to charge the offense of forgery at various stages of the proceedings.

The letter which the State had been permitted to attach to and, thus, amend the original information, purported to be from a Rear Admiral Hoffman of the United States Navy who was a "Retirement Coordinator" to defendant, who was described as a captain in the

United States Navy. The letter purported to set forth certain substantial initial and monthly retirement benefits to which defendant would be entitled.

■■ Defendant points out that a necessary element of the offense of forgery is that the document in issue be "apparently capable of defrauding another" (Ill. Rev. Stat. 1983, ch. 38, par. 17—3(a)), and the charge must aver facts showing the capacity to defraud unless the document is facially capable of defrauding another. (*People v. Toolen* (1983), 116 Ill. App. 3d 632, 451 N.E.2d 1364.) We conclude that a letter, purporting to be from an authoritative source and describing retirement benefits to which an individual is entitled, is facially capable of defrauding a financial institution when, as here, the letter was alleged to have been delivered to a financial institution or possessed with the intent to deliver to such an institution. Accordingly, the final amendment to the information made on January 30, 1986, was not necessary to set forth the elements of the offense.

■ We hold that, at least, after the first amendment to the information on August 13, 1985, the information charged the offense of forgery. This was before defendant filed the instant motion to dismiss and before he waived trial by jury. However, this determination does not completely answer defendant's contentions.

Defendant's assertion that the court should have allowed defendant's motion to dismiss and should not have permitted the information to be amended is based on the statement in *People v. Clarke* (1950), 407 Ill. 353, 357, 95 N.E.2d 425, 427, that "[i]t seems to be well settled that an amendment to an information which fails to state a crime is an abandonment of the original. [Citation.]" Defendant contends that prior to the amendment made while the motion to dismiss was pending, the information failed to state a crime, and thus the information should have been dismissed as abandoned after the amendment was made. However, in *People v. Kincaid* (1981), 87 Ill. 2d 107, 429 N.E.2d 508, the court held that the trial court properly allowed an amendment to an information that was necessary to enable the information to set forth a crime. This holding clearly negates the *Clarke* rule that an information failing to state an offense is abandoned by an attempt to amend.

■ Although defendant's first argument focuses on the propriety of allowing the second amendment, the theory he proposes could be applied to the first amendment as well. The sufficiency of the information prior to the first amendment is much more questionable. However, in view of the negation of the rule in *People v. Clarke* (1950), 407 Ill. 353, 95 N.E.2d 425, by *People v. Kincaid* (1981), 87 Ill. 2d

107, 429 N.E.2d 508, we see no reason why, even if the original information failed to charge forgery, an amendment, as here, made within the period of the statute of limitation should not correct the information. (See *People v. Blackwood* (1985), 131 Ill. App. 3d 1018, 476 N.E.2d 742; *People v. Strait* (1977), 52 Ill. App. 3d 599, 367 N.E.2d 768.) No prior sufficiency in the information negated its validity at the time defendant was tried.

■ Defendant also contends that he should have an opportunity to withdraw the jury waiver as long as the information prior to the jury waiver could have reasonably led his counsel to believe that the charge might be faulty. Language in *People v. Smith* (1973), 11 Ill. App. 3d 423, 425, 296 N.E.2d 628, 630, to this effect may have been approved by this court in *People v. Simpson* (1979), 74 Ill. App. 3d 531, 533, 393 N.E.2d 740, 742. There is no logic to a rule that would permit a defendant to waive a jury, hoping to rely upon a nonexistent weakness in a charge, and later retract the waiver. We will not permit it here. To the extent our decision is inconsistent with that in *Simpson*, our holding there is overruled.

Accordingly, we affirm.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.