## Joseph Cunningham v. Daniel Dougherty, administrator.

1. FRAUDULENT CONCEALMENT—*what essential to take case out of Statute of Limitations.* A fraudulent concealment necessary to take a case out of the Statute of Limitations must be founded upon some affirmative acts or proof of some act of negligence so gross as to be equivalent to intentional fraud.

2. MISDESCRIPTION—*when cannot be taken advantage of, contained in conveyance of land.* A misdescription by which an administratrix sought to convey land pursuant to a proceeding to subject the same to sale for the purpose of paying the debts of the decedent, cannot be taken advantage of by an heir of the deceased owner.

Contest in court of probate. Appeal from the Circuit Court of Calhoun County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed June 7, 1905.

CHARLES J. McCAULEY and THOMAS F. FERNS, for appellant.

FRANK A. WHITESIDE, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a claim for $5,759.06 filed by appellant against the estate of Ann Cunningham, deceased, of which appellee is administrator. The claim was originally heard by the County Court and disallowed. The plaintiff then appealed to the Circuit Court, where upon the verdict of a jury, it was again disallowed, and judgment rendered against plaintiff for costs, to reverse which he appeals to this court.

The following facts are established by the evidence: By the death of their father, in 1876, George Cunningham and John Cunningham, who were brothers, became seized in fee of 140 acres of land in section 20, Township 13, South, Range 1, west, in Calhoun county, Illinois, being the east half of said section. In 1879, after they had become of age, they divided said tract, John taking the west 70 acres, hereinafter designated as tracts "A" and "B," and George taking the east 70 acres, and made to each other deeds of conveyance there-

for. On September 11, 1883, George died intestate, seized in fee of said east 70 acres, and other lands, and leaving him surviving, Mary Cunningham, his widow, and Joseph, appellant, his child and only heir at law. His mother, Ann Cunningham, was appointed administratrix of his estate and in course of her administration petitioned the County Court for an order to sell real estate to pay debts. In the petition said east 70 acres was incorrectly described as "the East end of the N. E. one-quarter of Sec. 20, T. 13, S., R. 1, West, containing 70 acres." The same error occurred in the decree of sale and in the report of commissioners by whom about 30 acres of said tract were assigned to the mother of appellant as her homestead and dower. At the sale on July 14, 1883, about 40 acres, being a part of the east 70 acres, and hereinafter designated as tract "C," was sold for $2,000 to John Cunningham. In the report of sale, which was duly approved by the County Court, the tract was correctly described by proper metes and bounds. The administratrix duly charged herself with the proceeds of the sale, and thereafter under the order and direction of the County Court, devoted the same to the payment of the debts of the estate, and costs of administration, except the sum of $313.13, which on final settlement, she distributed to appellant and his mother as heirs of her intestate.

On June 16, 1886, after she had fully settled the estate of George, Ann Cunningham purchased from her surviving son, John, tracts "A" and "B" which he had acquired in the division of his brother George, together with tract "C," which he had purchased at the administratrix's sale. In writing the deed the scrivener described the said tracts as "the East part of the N. E. ¼ Sec. 20, containing 40 acres, also 70 acres, being the north part of the N. ½ of the S. E. ¼ of Sec. 20, both of said tracts being in said Township 13 South, in Range 1 West of the 4th Principal Meridian in Calhoun County, Ill." In 1892, John died intestate, unmarried and without issue, leaving him surviving as his only heirs at law, the said Ann Cunningham, his mother, and appellant, his nephew. Ann Cunningham died on the 27th day

of March, 1900, leaving a last will and testament, by which she devised to appellant (who had reached the age of 21 years on the 4th day of May, 1898) a large body of land including said tracts "A" and "B" and "C," bought by her from John and intended by him to be conveyed to her by his deed. Appellant admits that he immediately took and has ever since retained possession of the two tracts under said will.

By his claim, as amended, appellant, as tenant in common, seeks to recover one-third of the proceeds of certain rents alleged to have been collected by Ann Cunningham upon said tracts "A,". "B" and "C," the title to which he claims did not pass to Ann by reason of the imperfect description in the deed, but remained in John at the time of his death; also the entire proceeds of the sale of tracts "C," attempted to be sold by the administratrix as aforesaid.

As to the claims for rents appellee insists that the deed from John passed title to Ann, at least as to all the land except tract "A" and that the evidence entirely failed to show what amount of' rent, if any, she collected from that tract. As to the claim for the proceeds of the sale of the real estate, he contends that inasmuch as appellant saw fit to ratify the sale, he could not recover the proceeds thereof, for the reason that they were properly applied, under the order and direction of the County Court, toward the payment of the indebtedness of his father's estate, and the necessary costs and expenses of administration; and further, that any cause of action he may have had for the proceeds of the sale was barred by the Statute of Limitations.

The claim that appellant is entitled to recover from her estate the entire proceeds of the sale of tract "C" is unwarranted in law or equity and is on its face, and in fact, unconscionable. It is not controverted that Mrs. Cunningham in her capacity as administratrix and pursuant to the duties imposed upon her by law, and by virtue of a decree of the County Court, in good faith, attempted to sell such tract for the purpose of realizing funds with which to pay the debts of her intestate. Neither is it controverted that such indebted-

ness existed, and that the same could have been made a lien upon such real estate; nor that the proceeds of the sale were devoted to the payment of such indebtedness, nor that the tract in question was the one intended to be sold for that purpose, nor that appellant has affirmed such sale, which was not void but voidable only. It is sought to take advantage of a misdescription of the property and in effect mulct the estate of the administratrix in a sum of money for which she has already accounted, and of which appellant has received the full and direct benefit. We will not analyze or discuss the authorities cited and relied upon by counsel in support of his contention further than to say that we deem them clearly inapplicable. If the sale be treated as utterly void, Mrs. Cunningham having in her official capacity paid the debts of her intestate which were a lien upon his real estate, was, in equity, entitled to be subrogated to the lien of creditors thereon, and could have afterward proceeded, had she desired, to sell the real estate for the purpose of reimbursing herself. Even if the sale was void, the real estate being now the property of appellant, we are of opinion that the County Court, in the exercise of its equitable jurisdiction in the settlement of estates, had power to set-off the amount of indebtedness paid by Mrs. Cunningham, against appellant's claim for the proceeds of the land. Furthermore, if appellant ever had cause of action for the proceeds of the sale, it was barred by the Statute of Limitations. The report of sale was approved on August 13, 1883. Had the appellant at the time been an adult, he would have had five years from that time within which to bring his suit. Rev. Stat., chap. 83, sec. 15. But being at the time a minor, he had a right to bring an action within two years after reaching his majority. *Ibid,* sec. 21. Inasmuch as he reached his majority on May 4, 1898, and the claim for the proceeds of the sale was first presented August 5, 1902, he could only avoid the effect of the statute by proving that the administratrix fraudulently concealed from him the knowledge that he had a cause of action against her (*Ibid,* sec. 22), and the burden of proof was upon him to show such fraudulent concealment.

It is not contended in argument that she ever made any false statement to him in regard to the matter, nor did anything to prevent him from discovering that he had a cause of action against her. In fact, it does not appear that she ever knew that such existed. A fraudulent concealment necessary to take a case out of the Statute of Limitations, must be founded upon some affirmative acts, or proof of some act of negligence so gross as to be equivalent to intentional fraud. A defendant cannot be guilty of affirmative, fraudulent concealment of a matter of the existence of which he himself had no knowledge. Wood v. Williams, 142 Ill., 269. The County Court properly disallowed the claim for the proceeds of the sale, and for any rents accruing from the tract in question.

It is conceded by appellee in argument that the description in the deed from Ann to John is not of itself sufficient to convey tract "A." It is also admitted by appellant that, under the rules laid down in Kemp v. Moir, 45 App., 491; Chiniquy v. People, 78 Ill., 570; Winslow v. Copper, 104 Ill., 235; and Hill v. Blackwelder, 113 Ill., 294, such description was sufficient to pass title to the north half of tract "B," but it is contended by him that it is insufficient to convey either tract "A" or the south half of tract "B." Be this as it may, the claim is, by its terms, for one-third of the rents collected, and it being impossible for us, or a jury, to determine from the evidence, with any degree of certainty, what amount of rental was actually collected by Ann from that particular real estate no recovery can be had therefor under this record. The burden was upon appellant to prove not only that Ann received rents from such premises, but the actual amount so received as well. This he has failed to do. His claim was therefore properly disallowed *in toto*.

The court erroneously submitted to the jury the question as to the construction of the deeds, which was clearly for the court. It also erred in its rulings upon several instructions. Inasmuch as the verdict returned was the only one warranted by the record, appellant could not have been prejudiced thereby. The judgment is accordingly affirmed.

*Affirmed.*