JOSEPH CUNNINGHAM

*v.*

DANIEL DAUGHERTY, Admr.

*Opinion filed February 21, 1906.*

1. ESTOPPEL—*effect of accepting devise under a will.* One who accepts a devise under a will is estopped to set up any right or claim of his own which would defeat any part of the will, including the recitals thereof as to the title of the testatrix; nor can he maintain a claim against her estate based upon the ground that as the result of a misdescription in one of the deeds in her chain of title he is entitled, as an heir of the grantor in the deed, to a share of the rents and profits collected by her in her lifetime.

2. INSTRUCTIONS—*when instruction does not leave question of construction of deed to jury.* On appeal to the circuit court from an order of the county court disallowing a claim against an estate for rents and profits, an instruction which directs the jury to find against the said claim if they believe, from the evidence, that the grantor in a certain deed intended to convey the land in question by the deed does not leave the construction of the deed to the jury.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Calhoun county; the Hon. T. N. MEHAN, Judge, presiding.

CHARLES J. MACAULEY, and THOMAS F. FERNS, for appellant.

FRANK A. WHITESIDE, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed in the county court of Calhoun county a claim against the estate of his grandmother, Ann Cunningham, amounting to $5759.06, for one-third of the rents collected by her for certain real estate in which he claimed a one-third interest as heir of his uncle, John D. Cunningham,

and for the proceeds of other real estate sold by her as administratrix of the estate of his father, George Cunningham. Upon a hearing the claim was disallowed by the county court and appellant appealed to the circuit court, where, upon a trial, there was a verdict of a jury against him, followed by a judgment for costs. From the judgment of the circuit court he again appealed to the Appellate Court for the Third District, where the judgment was affirmed, and he prosecuted a further appeal to this court.

Appellant's claim is based on nothing more meritorious than misdescriptions of the lands in question in a conveyance of the same by his uncle, John D. Cunningham, to Ann Cunningham, and in the proceeding by her in the county court to sell part of the lands for the purpose of paying the debts of the estate of his father, George Cunningham, and that is equivalent to saying that there is no merit in it at all. Furthermore, appellant derived title to all of the lands through the will of Ann Cunningham, by which they were devised to him, so that the alleged erroneous misdescriptions are in his own chain of title under which he took and holds possession of the lands. In the proceeding to sell lands to pay debts they were incorrectly described in all of the papers up to the report of sale, in which the description was correct, and on account of such misdescriptions appellant seeks to recover the entire proceeds, with interest thereon. There is no question as to what lands were intended to be described and sold or what lands were actually sold. The report of sale, which described them correctly, was approved and confirmed by the county court. Ann Cunningham charged herself as administratrix with the proceeds of the sale, and under the order and direction of the county court applied them to the debts of the estate and costs of administration, with the exception of a balance which on final settlement was paid to appellant and his mother, as heirs. After the estate had been fully settled Ann Cunningham purchased from her son John D. Cunningham the lands so sold and the other lands, and er-

rors occurred in the descriptions in that deed, although the deed was sufficient to pass the legal title to a part of the land. Ann Cunningham by her will devised to appellant two hundred and forty acres, including all the lands in question, and he took possession of them as devisee under the will. His claim now is, that as to the lands conveyed by John D. Cunningham not sold by the administratrix he is entitled to one-third of the rents as one of the heirs of said grantor on account of the incorrect description in the deed, and that as to the lands sold by Ann Cunningham as administratrix he is entitled to the whole of the proceeds, with interest. Ann Cunningham bought the lands from her son John D. Cunningham and was the equitable owner and was entitled to the rents and profits, and could have had the mistakes corrected in a court of equity if she had known of their existence. The claim that John D. Cunningham could have compelled her to account for rentals is preposterous, and appellant, as one of his heirs, is in no better position. So far as the proceeds of the real estate are concerned the claim was barred by the Statute of Limitations. The proceeding was begun and conducted in good faith. The proceeds were accounted for. The land involved was the land intended to be sold, and there was no concealment which arrested the running of the statute. It seems that there was in the record of the county court sufficient by which the erroneous descriptions could have been amended and corrected upon proper application, but in any event the claim was barred.

Errors are assigned upon rulings of the court in the admission of evidence and in giving, modifying and refusing instructions, but as no other conclusion could have been reached by any of the courts which heard and considered the case and no other verdict could have been rightfully returned by the jury, no error, if there were any, in such ruling could have injured appellant. An examination of the record, however, shows that no substantial error was committed. The court did not err in admitting in evidence the proceedings

for the sale of the property by Ann Cunningham as adminis-tratrix, or the records of the county court showing that the proceeds were applied to the payment of debts of the estate and that the balance was distributed to the appellant and his mother.   It was proper to show that the land was sold at the administratrix's sale; that the sale was confirmed by the county court; that all the proceedings were intended to apply to the said land, and that there was a mere misdescription through error or mistake.   Neither was there any error in admitting the will of Ann Cunningham, by which this and other real estate was devised to appellant.   He testified that he took possession of the real estate as devisee under said will, while in this proceeding he was claiming that the testa-trix did not have the legal title to a part of the land devised to him and was seeking to reduce the interests of other devisees or legatees by his inconsistent claim.   The will itself recited in the devise to appellant that she acquired title by deed from her son John D. Cunningham.   Having accepted the devise under the will he was estopped to set up any right or claim of his own which would defeat any part of the will. *VanSchaack* v. *Leonard,* 164 Ill. 602.

It is insisted that the court erred in submitting to the jury, by an instruction, the construction of the deed from John D. Cunningham to Ann Cunningham.   The court did not submit the question whether the deed conveyed the legal title to the premises, which was a question for the court, but the instruction advised the jury to find for the defendant as to the rents if they found, from the facts and circumstances shown in the evidence, that it was the intention of John D. Cunningham to convey this land by his deed.   The instruc-tion was proper.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*