# James W. Gullett, Appellant, v. George W. Leaverton and Grace Leaverton, Appellees.

1. FRAUD, § 72*—*when declaration in action for fraud and deceit sufficient.* A declaration in an action on the case for false representations and deceit on the part of defendants to induce plaintiff to purchase real estate, *held* not demurrable because it did not allege the contract was in writing.

2. FRAUD, § 72*— *sufficiency of declaration in action for fraud and deceit.* In an action on the case for false representations and deceit alleged to have induced plaintiff to purchase real estate, the contract of sale need not be pleaded as if the action were based on the contract, but so much of it should be set forth as will describe the wrong sought to be redressed.

3. FRAUD, § 58*—*averments and proofs to sustain action for fraud and deceit.* To recover for fraud and deceit all that is necessary to aver and prove is that the representations made were untrue, that the party making them knew them to be false, that the representations made were material to the transaction and were made with intent to deceive, that the party to whom the representations were made relied upon them as true, and was induced to act by reason of such representations and was misled and damaged thereby.

4. VENDOR AND PURCHASER, § 39*—*when false representation of vendor material.* Representation made by a vendor to a proposed purchaser of a city lot that the main pipes of the city heating plant were in the street in front of the lot so that a building desired to be erected on the lot by the purchaser could be connected with the plant, *held* not to be a statement puffing the value of the lot but a statement of a material fact.

5. VENDOR AND PURCHASER, § 42*—*when purchaser need not investigate vendor's representation.* Where a vendor makes a representation that a city lot was situated on a street in which the mains of the city heating plant were laid, the purchaser may rely on its truth without investigating the representation.

6. FRAUD, § 72*—*when counts in declaration demurrable as indefinite.* Counts in a declaration for fraud and deceit in inducing plaintiff to purchase city lots, which averred that defendants knowingly and falsely represented that the mains of the city heating plant were accessible to it, *held* demurrable as indefinite in so far as they state the mains were accessible.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

October term, 1913.  Reversed and remanded with directions.  Opinion filed May 5, 1914.

NOAH GULLETT, G. B. GILLESPIE and A. M. FITZGERALD, for appellant.

SMITH & FRIEDMEYER, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

James W. Gullett begun this action in case against Grace Leaverton and George W. Leaverton for fraud and deceit averred to have been used by defendants in making the sale of a city lot to plaintiff.  A demurrer was sustained to the declaration and judgment entered in favor of the defendants.  The plaintiff appeals.

The declaration contains four counts.  The material averments of the first count are:  That appellant purchased from appellees certain real estate in the city of Springfield; that the inducement which caused appellant to purchase this property was the false representations of appellees that "City Hot Water Heat" was accessible to the said premises and that the main pipes of the "City Hot Water Heating Plant" were laid in the street in front of them so that the owner thereof could attach and connect heating pipes thereto from the said premises and heat buildings thereon; that such representations were false and fraudulent; that appellees well knew that these representations were false and fraudulent, and made them for the purpose of deceiving appellant; that appellant did not know that they were false; that because of these representations appellant, relying upon them, was induced to and did purchase the premises in question, and that because of such false and fraudulent representations appellant has suffered damage of one thousand dollars.

The second count contains the further averment that appellees knew appellant desired to purchase a lot on which to erect a flat building.

The third and fourth counts omit the averment that the pipes of the heating plant were laid in the street in front of the lot but aver that appellees knowingly and falsely represented that they were accessible to the said premises.

The demurrer states as a special cause that the declaration is insufficient because each count is based on a supposed contract for the sale of real estate, and it is not alleged that said contract is in writing. The contract not being the foundation of an action on the case for false representations and deceit, need not be pleaded as if the action were based on the contract, but so much should be set forth as will describe the wrong sought to be redressed. 8 Encyc. of Pl. & Pr. 909.

To recover for fraud and deceit all that is necessary to aver and prove is that the representations made were untrue, that the party making them knew them to be false, that the representations made were material to a transaction and were made with intent to deceive, that the party to whom the representations were made relied upon them as true, and was induced to act by reason of such representations and was misled and damaged thereby. *Merwin v. Arbuckle,* 81 Ill. 501; *Crocker v. Manley,* 164 Ill. 282.

The appellees insist that the representations averred in the declaration were only puffing or exploiting the value of the lot. The averment of the declaration is that appellant desired to purchase a lot for the purpose of erecting thereon a "flat building," so situated that it could be connected with the mains of the city heating plant and heated therefrom; that appellees knew the wishes of appellant and falsely and fraudulently represented that the lot they sold appellant was so situated. The representations made were representations of fact which it is averred were untrue. The statement that the main pipes of the heating plant were in the street in front of the lot was neither puffing the value nor a statement concerning the value but was a state-

ment of a material fact. Heating mains are not obvious to the inspection of people, and there was no reason or cause for appellant to suspect the statement was false. It was not necessary for him to investigate the representation; he had the right to rely upon its truth. *Endsley v. Johns,* 120 Ill. 469; *Antle v. Sexton,* 137 Ill. 410; *Linington v. Strong,* 107 Ill. 295; *Van Velsor v. Seeberger,* 59 Ill. App. 322.

The counts that state the mains were accessible are indefinite and as to those two counts the demurrer was properly sustained, but the first and second counts state a good cause of action and the demurrer should have been overruled as to them. The judgment is reversed and the cause remanded with directions to overrule the demurrer to the first and second counts.

*Reversed and remanded with directions.*