DAVID C. ELMORE *et al.*, Plaintiffs-Appellees, *v.* ROBERT F. BLUME *et al.*, Defendants-Appellants.

(No. 74-302;

Third District—August 28, 1975.

644

David McCarthy and Richard Baner, both of Peoria, for appellants.

Harry Sonnemaker, Jr., and Michael Sonnemaker, both of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the Court:

Plaintiffs brought this action for $1700 to recover the cost of installing drain tiles to prevent water from entering the basement of their new home purchased from defendants. The cause of action was founded on

defendants' alleged breach of an express warranty that the property was fit for plaintiffs' intended use, and also on the alleged breach of an implied warranty of habitability. Following a bench trial, judgment was entered for plaintiffs in the amount of $800, and defendants appeal from that judgment.

According to the record, plaintiffs purchased the newly constructed home in May of 1970 from the builder Robert Blume and his wife. When plaintiffs viewed the premises prior to the sale, water was standing in the basement. Plaintiffs testified that defendant Robert Blume assured them that the water was due to the absence of gutters and windows; that after the "rainy season," the basement would be dry; that before the sale they informed Mr. Blume of their intention to carpet and panel the basement for use as a rec room; and, that they would not have purchased the home if the basement could not be used for the desired purposes. From the time of the purchase until suit was filed on February 22, 1974, plaintiffs had repeated problems with water entering the basement. Mr. Blume furnished waterproof paint, installed a sump pump, and furnished materials for a trench around part of the house. These measures reduced the quantity of water entering the basement but did not eliminate the problem.

Mr. Blume's testimony contradicted plaintiffs' account of various conversations and specifically denied guaranteeing a dry basement. He also denied any fault in construction, but generally corroborated plaintiffs' evidence of their joint efforts to eliminate the water problem.

Defendants also offered evidence to show that some of the water could have resulted from a sidewalk improperly installed next to the house by plaintiffs.

The judgment order of the trial court contained no findings of fact or statement of reasons. Therefore our primary concern is whether the pleadings and evidence will sustain the judgment under either an express or an implied warranty theory.

In our opinion, plaintiffs are entitled to recover for breach of the implied warranty of habitability under the facts of this case. We have previously recognized an implied warranty where the vendor was the builder of the house and where water damage was caused by faulty construction. (*Hanavan v. Dye*, 4 Ill.App.3d 576, 281 N.E.2d 398 (3d Dist. 1972). See also *Weck v. A:M Sunrise Construction Co.*, 36 Ill.App.2d 383, 184 N.E.2d 728 (1st Dist. 1962); Annot., 25 A.L.R.3d 383 (1969).) Furthermore we have recently held that such warranty arises where the contract of sale predated our *Hanavan* decision. *Garcia v. Hynes & Howes R.E.*, 29 Ill.App.3d 479 (3d Dist. 1975).

■■ Here the evidence shows that Mr. Blume was the builder-vendor, and that the house was sold as a residence to lay purchasers. Concerning

faulty construction, plaintiffs testified that Mr. Blume told them drain tile had been placed under the basement although he did not know its exact location and plaintiffs had been unable to find it; Mr. Blume testified that he personally helped lay the tile but that it was only for the purpose of providing drainage for a sump pump if needed and did not otherwise drain any water; a subcontractor of Mr. Blume testified that the tile was laid inside the foundation wall. From this evidence we believe the court could have found, as a matter of fact, that water entered the basement as a result of defendants' failure to provide adequate drainage.

Although we are not required to consider whether defendants breached an express warranty as alleged, we nevertheless observe that Mr. Blume's account of his conversation with plaintiffs before the sale included his recollection that the basement water problem was discussed and that he told plaintiffs the water was a temporary problem. He also testified that "I try to be an optimist," and that he might have· said that the water would probably stop after gutters were installed and the backfill had settled.

■■ Under the theory of express warranty, an actionable claim must be based on an affirmation of fact or a promise which is not a statement representing merely the seller's opinion or commendation, and which is false. (*Weiss v. Rockwell Manufacturing Co.*, 9 Ill.App.3d 906, 293 N.E. 2d 375 (1st Dist. 1973).) On the record before us, we believe the evidence was ample to support a finding of defendants' breach of an express warranty.

Defendants also contend that the trial court erred when it denied Mrs. Blume's motion to dismiss the suit as to her. Mrs. Blume elected to stand on her motion, and no evidence was introduced in her behalf. Plaintiffs testified that they had no contact with Mrs. Blume, and Mr. Blume testified that his wife had no connection with his construction business. Thus, the only thing in the record showing Mrs. Blume's relationship to the transaction is defendants' admission that they both sold the improved real estate in question to plaintiffs. The record does not disclose whether the Blumes held the property as joint tenants or as tenants in common.

■■ Defendants argue that the burden of proving an agency relationship is on the party who asserts the existence of the agency, and that, having failed to establish that Mr. Blume was acting as an agent for his wife, no basis exists for her liability. Plaintiffs counter with the contention that, as co-owner of the property, Mrs. Blume can be held liable as either a partner or as a joint venturer. However, partnerships and joint ventures are both predicated upon some sort of agreement or undertaking, either formal or informal, to share profits and losses of a joint

enterprise. (See, *e.g.*, *Reese v. Melahn*, 53 Ill.2d 508, 292 N.E.2d 375 (1973); *Ditis v. Ahlvin Construction Co.*, 408 Ill. 416, 97 N.E.2d 244 (1951); *Harmon v. Martin*, 395 Ill. 595, 71 N.E.2d 74 (1947); *Hagerman v. Schulte*, 349 Ill. 11, 181 N.E. 677 (1932).) Where there is no evidence of any sort to corroborate the existence of such an agreement, we cannot infer it from the bare fact of joint ownership and sale.

■■ As was stated in *City of Evanston v. Piotrowicz*, 20 Ill.2d 512, 170 N.E.2d 569 (1960), agency may be established and its nature and extent shown by circumstantial evidence, and reference may be had to the situation of parties and property, acts of parties, and other circumstances germane to the question. If the evidence shows one acting for another under circumstances implying knowledge of the acts on the part of the supposed principal, a prima facie case of agency is established. *Mitchell v. McEwen Associates, Inc.*, 360 Ill. 278, 196 N.E. 186 (1935).

Another application of the same rule may be found in cases involving a question of the agency of an employee acting on behalf of his employer. Without any direct evidence of agency, a prima facie case can be created by inference or presumption. *Winston v. Sears, Roebuck & Co.*, 88 Ill. App.2d 358, 233 N.E.2d 95 (1st Dist. 1967).

■■ An agent's authority may be presumed from silence of the alleged principal when he knowingly allows another to act for him as his agent, and the agent's scope of authority may be determined by what persons of reasonable prudence, ordinarily familiar with business practices, dealing with the agent, might rightfully believe him to have on the basis of the principal's conduct. (*Lauhoff v. Automobile Ins. Co.*, 56 F.Supp. 493 (E.D. Ill. 1944). See also *Alterman v. Lydick*, 241 F.2d 50 (7th Cir. 1957).) Where the principal (Mrs. Blume) places an agent (Mr. Blume) in a situation where he may be presumed to have authority to act for her, the principal is estopped as against a third person from denying the agent's apparent authority. *Faber-Musser Co. v. Dee Clay Manufacturing Co.*, 291 Ill. 240, 126 N.E. 186 (1920).

■■ Here we have a sale of jointly owned property which includes a house built by one of the two owners. There is no evidence to show whether Mrs. Blume expressly authorized her husband to sell her interest in the property for her, but it is evident that she knew of and ratified his acts when she signed the deed. Considering all the circumstances of the transaction, we are convinced that a prima facie case of Mr. Blume's agency was established. Defendants then had the burden of going forward with evidence of nonagency. (*Brill v. Davajon*, 51 Ill.App.2d 445, 201 N.E.2d 253 (1st Dist. 1964).) Since defendants failed to rebut the presumption of agency, Mrs. Blume was bound by the acts of Mr. Blume and was jointly liable with her husband for the implied warranties of

habitability. Thus we conclude that the trial court correctly refused to dismiss as to Mrs. Blume.

Defendants also contend that denial of their motion for a continuance and for discovery was an abuse of the trial court's discretion. After trial was set for May 6, 1974, defendants, on April 26, 1974, filed an entry of appearance of additional trial counsel, a motion to produce and discovery order, and a motion for continuance for 60 days. Following a hearing, the court denied both motions and set trial for May 21, 1974. Defendants rely on *Reecy v. Reecy*, 132 Ill.App.2d 1024, 271 N.E.2d 91 (3d Dist. 1971), where this court reversed the trial court, holding that the denial of a motion for continuance was an abuse of discretion under the facts of that case.

■■ As defendants concede, the trial court is vested with a broad discretion in ruling on continuances, and the exercise of such discretion will not be interfered with on appeal unless there has been a manifest abuse of such discretion. (*Reecy v. Reecy.*) Since defendants were in fact given an additional 15 days to prepare for trial, we are not persuaded that the court abused its discretion by refusing to grant the 60-day continuance in this case.

Similarly, Supreme Court Rule 214 (Ill. Rev. Stat., ch. 110A, § 214), confers wide discretion on the trial judge in control of pretrial discovery. (*People ex rel. General Motors Corp. v. Bua*, 37 Ill.2d 180, 226 N.E.2d 6 (1967); *Cohn v. Board of Education*, 118 Ill.App.2d 453, 254 N.E.2d 803 (2d Dist. 1970).) In their motion for discovery, defendants requested an on-site inspection of plaintiffs' basement as well as copies of photographs, plans, bills and other relevant documents.

■■ In their motion for a continuance, defendants asserted their need for discovery depositions and written interrogatories. The record discloses that discovery depositions of plaintiffs were in fact taken by defendants on May 16, 1974, and an on-site inspection by Mr. Blume, his brother, and an employee occurred the same day. At trial, defendants themselves introduced construction plans, photographs and other exhibits; plaintiffs' exhibits consisted of two photographs showing water standing in the basement. Defendants do not claim to have been inadequately prepared or surprised by any of plaintiffs' evidence, and we cannot see how they were prejudiced by denial of their motions seeking discovery when they actually obtained a substantial portion of their requests without the order. We therefore affirm the orders of the trial court denying defendants' pretrial motions.

Judgment affirmed.

STOUDER, P. J., and BARRY, J., concur.