JAMES R. GOGGIN *et al.*, Plaintiffs-Appellees, *v.* FOX VALLEY CONSTRUCTION CORP., Defendant-Appellant.

First District (1st Division) Nos. 61862, 76-714 cons.

Opinion filed April 18, 1977.

Eugene A. DiMonte and Alan L. Stefaniak, both of Schmidt, DiMonte, Baker & Lizak, of Chicago, for appellant.

James J. Flynn, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs, James R. and Mary E. Goggin, filed suit for money damages in the circuit court of Cook County against defendant Fox Valley Construction Corp., for the breach of an implied warranty of quality of design, workmanship, and material in the sale of a new home constructed and sold by defendant. A jury returned a verdict for plaintiffs in the amount of $10,500, and judgment was entered upon the verdict. Defendant appeals, arguing that Illinois courts have not recognized such an implied warranty of quality, that the jury was improperly instructed as to the measure of the plaintiffs' damages, that the verdict is contrary to the manifest weight of the evidence, and that certain trial errors were committed.

During the pendency of the appeal, defendant petitioned the trial court under section 72 of the Civil Practice Act to vacate the judgment on the basis of newly discovered evidence. The petition was denied, and defendant appeals. Both appeals were consolidated for argument and decision.

We reverse and remand No. 61862 and affirm in No. 76-714.

The record discloses the following pertinent facts. In May 1969, plaintiffs contracted with defendant for the purchase of a home for $57,500. At that time, only the home's foundation and first floor studding had been completed. On August 4, 1969, plaintiffs and their family moved into the newly completed home, and the transaction was closed on October 18, 1969. In the spring of 1970 plaintiffs became aware of certain defects in their new home. There were cracks in the foundation walls, cracks in the bedroom walls, the bedroom floor was not level, the roof leaked and caused a large water mark on one bathroom ceiling, a linoleum floor contained nail pops and seams, water leaked into the basement, and there was a sag in the garage roof. The plaintiffs resided in their home at all times. The local building inspector testified the home was constructed in compliance with the applicable housing codes.

Defendant's principal argument on appeal is that the plaintiffs' amended complaint filed with leave of court at the close of all the evidence failed to state a cause of action upon which relief may be granted. The amended complaint contained allegations that the home contained material defects caused by defendant's use of unsuitable materials, workmanship, and design. The amended complaint did not allege that the home was uninhabitable, untenantable, or unfit for occupancy. Defendant objected at trial, arguing that the issue of habitability was important. The trial court disagreed, stating that this case was another step in the continuing line of cases, instructing the jury:

" * * * that it is the law in this State that where the builder of a new home sells that home to a purchaser, the builder is responsible for damages resulting from material defects caused by the builder's design, material, or workmanship in that home."

Defendant's position on appeal is that the implied warranty in the contract for the sale of a new home is the implied warranty of habitability. The plaintiffs' position is that Illinois law recognizes an implied warranty of quality of design, material, and workmanship.

In the leading Illinois cases on this subject, *Weck v. A:M Sunrise Construction Co.* (1962), 36 Ill. App. 2d 383, 184 N.E.2d 728, and *Hanavan v. Dye* (1972), 4 Ill. App. 3d 576, 281 N.E.2d 398, it was held that in the contract for the sale of a new home, when the vendor is also the builder, there is an implied warranty that the home will be habitable and fit to live in, and that the purchaser may maintain an action against the builder-vendor for breach of the contract containing the implied warranty of habitability. In *Garcia v. Hynes & Howes Real Estate, Inc.* (1975), 29 Ill. App. 3d 479, 331 N.E.2d 634, and subsequent cases, the rule was followed.

In each Illinois case wherein a cause of action for breach of an implied warranty of habitability has been recognized, the following elements have been present. First, the plaintiff purchased a new home from the defendant-builder-vendor. Second, the new home contained a substantial defect. Third, the defect was caused by the builder's improper design, material, or workmanship. Fourth, the defect caused the home to be not fit for human habitation.

The facts in *Hanavan v. Dye* demonstrate these elements. The defendant-builder-vendor improperly constructed the new home without drain tile, which caused the defect of the home being susceptible to flooding. As a result of this defect, water entered the home about 25 times between May 1969 and October 1970. It was held that these facts were sufficient to prove a cause of action for breach of the implied warranty of habitability, and the sum of $588.30 was awarded as damages. In the case of *Elmore v. Blume* (1975), 31 Ill. App. 3d 643, 645, 334 N.E.2d 431, 433, another drain tile case, the Third District Appellate Court succinctly characterized the prior Illinois cases: "We have previously recognized an implied warranty where the vendor was the builder of the house and where water damage was caused by faulty construction. (*Hanavan v. Dye* * * *. See also *Weck v. A:M Sunrise Construction Co.* * * *. Annot., 25 A.L.R.3d 383 (969).)"

■■ The amended complaint in the instant case did not allege that the plaintiffs' home was not fit for human habitation. Accordingly, we hold that the complaint failed to state a cause of action for breach of the implied warranty of habitability. The judgment shall be reversed and the

cause shall be remanded for further proceedings. The plaintiffs may desire in further hearings to proceed on their original theory of breach of implied warranty of habitability.

■■ In light of our disposition of the cause, we wish to comment as to the element of habitability, because the real dispute in this case rests upon the determination of the types of defects which render a new home uninhabitable. In the cases dealing with the implied warranty of habitability in leases, the rule is that the implied warranty of habitability is fulfilled by substantial compliance with applicable building and housing codes. (*Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208.) This rule was derived from the principle of law that compliance with local laws is a contractual condition implied by law. (*Schiro v. W. E. Gould & Co.* (1960), 18 Ill. 2d 538, 165 N.E.2d 286.) It necessarily follows, in the context of a contract for the sale of a new home, that a failure to comply with applicable building codes would constitute a breach of the implied warranty of habitability. Yet, this is not to suggest that the implied warranty of habitability in the sale of a new home is the same as the implied warranty of habitability in leaseholds described in *Jack Spring, Inc. v. Little*. It is possible for a new home to be in substantial compliance with building codes and still be uninhabitable, as was the case in *Hanavan v. Dye*, where the local building code did not call for the use of drain tile.

■■ The primary function of a new home is to shelter its inhabitants from the elements. If a new home does not keep out the elements because of a substantial defect of construction, such a home is not habitable within the meaning of the implied warranty of habitability. (*Elmore v. Blume* (1975), 31 Ill. App. 3d 643, 334 N.E.2d 431.) Another function of a new home is to provide its inhabitants with a reasonably safe place to live, without fear of injury to person, health, safety, or property. If a new home is not structurally sound because of a substantial defect of construction, such a home is not habitable within the meaning of the implied warranty of habitability. If a new home is not aesthetically satisfying because of a defect of construction, such a defect should not be considered as making the home uninhabitable. (See *Academy Spires, Inc. v. Brown* (1970), 111 N.J. Super. 477, 268 A.2d 556, 559.) These are, in our opinion, the basic parameters of habitability. We might further add that we find no legal authority permitting us to extend the implied warranty in the sale of a new home beyond the accepted concept of habitability.

■■ The appeal from the denial of defendant's section 72 petition is easily discussed. Defendant's petition alleged a fact which occurred after judgment was entered, while the appeal of the main cause was pending in this court. The general rule as to newly discovered evidence is that:

    " * * * the remedy contemplated by section 72 is available for

relief based on matters which antedate the rendition of the judgment and not those which arise subsequent to its rendition." (*Russell v. Klein* (1974), 58 Ill. 2d 220, 225, 317 N.E.2d 556, 559.) The denial of defendant's section 72 petition was proper.

Accordingly, in No. 61862 the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the views expressed herein. The order in No. 76-714 is affirmed.

Judgment in case No. 61862 reversed and remanded; order in case No. 76-714 affirmed.

GOLDBERG, P. J., and BUA, J., concur.