WARREN S. PARK *et al.*, Plaintiffs-Appellees, *v.* DENNIS P. SOHN *et al.*, Defendants-Appellants.

Third District    No. 79-253

Opinion filed October 7, 1980.—Rehearing denied January 14, 1981.

H. Wayne Carmichael, of Groen, Groen & Carmichael, of Pekin, for appellants.

Harold Kuhfuss, of Kuhfuss & Kuhfuss, of Pekin, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiffs, Warren S. Park and his wife, Josephine C. Park, filed suit against the defendants, Dennis P. Sohn and Cheryl Sohn, for damages claimed to have resulted from the sale of a residence by defendants to plaintiffs. Count I of the complaint alleged the defendants' failure to

disclose, or misrepresentation of, certain alleged deficiencies in the home and lot. Count II alleged the breach of the implied warranty of habitability in the sale of a house by the defendants, vendor-builder. Following a bench trial, judgment was rendered in favor of plaintiffs and against defendants in the amount of $4,000 as to count I and $2707.31 as to count II. Defendants have appealed from that adverse judgment and plaintiffs have cross-appealed claiming that the damages awarded are inadequate.

Several issues are presented for review: (1) whether the judgment is against the manifest weight of the evidence; (2) whether the plaintiffs failed to plead or prove the essential elements of actionable fraud as to count I; (3) whether plaintiffs failed to exercise ordinary diligence for their own protection; (4) whether plaintiffs suffered any damage due to the side-yard boundary dispute, which disputed additional footage the plaintiffs purchased for $4,000; (5) whether the parol evidence rule and an exculpatory clause in the contract would prohibit any recovery based upon defendants' misrepresentations; (6) whether plaintiffs' cause of action is barred by laches; (7) whether the implied warranty of habitability is applicable to the facts of this case; and (8) on plaintiffs' cross-appeal, whether the damages are inadequate.

Defendants purchased the lot in question on May 25, 1973. Defendants constructed a house upon the lot, apparently moved in for at least some time, and listed it for sale. It was ultimately sold to the plaintiffs in October 1976.

Mr. Sohn constructed it himself and had advertised as a home builder. The house had several serious defects and deficiencies. The defendants had constructed the house 4.7 feet from the side property line in violation of a subdivision restriction requiring 8 feet of side lot from building to property line. The sidewalk encroached upon the adjoining lot. Water accumulated under the crawl space due to seepage. Plaintiffs were unaware of a sump pump which defendants had installed in a dry well some distance from the house. The sump pump was not operative. The dry well was on the adjoining lot which plaintiffs ultimately purchased. The property so purchased was within an area sodded by defendants and within shrubbery they had planted, giving an outward impression that this additional land went with the house. This property was a pie-shaped wedge 21 feet in the rear and 2 feet in the front which plaintiffs bought from the adjoining landowner for $4,000. The septic system defendants had installed failed, and raw sewage seeped into the front yard. Additional drainage tile, a dehumidifier, and a new sump pump were required by plaintiffs to remedy the water problem in the crawl space, where water accumulated 6 to 8 inches deep.

■■■ At the outset our disposition of this case does not require discussion of all the issues raised and argued by the parties. We agree with the

defendants' argument that the plaintiffs failed to allege or prove the essential elements of actionable fraud as to count I of the complaint. The $4,000 judgment rendered as to count I was grounded upon a cause of action in fraudulent concealment. The elements of fraud are: (1) misrepresentation or concealment of any existing material fact (2) which the defendant knew to be false, (3) by which the plaintiff was deceived so that he relied on the misrepresentation, and (4) as a result of the misrepresentation the plaintiff was damaged. (*Gullett v. Leaverton* (1914), 188 Ill. App. 66.) However, the defendants cannot be guilty of fraudulent concealment as to a matter the existence of which they had no knowledge. (*Cunningham v. Dougherty* (1905), 121 Ill. App. 395, *affirmed* (1906), 220 Ill. 45, 77 N.E. 95.) Scienter is accordingly an essential element of actionable fraud. (*Skidmore v. Johnson* (1948), 334 Ill. App. 347, 79 N.E.2d 762.) The judgment of $4,000 rendered as to count I of the complaint is apparently based upon the fraudulent concealment of the fact that the house was built nearer the side lot line than permitted by applicable subdivision restrictions. This fact was allegedly concealed from the plaintiffs by defendants' planting of shrubbery and sod beyond the lot boundary line and resulted in plaintiffs' purchase of the additional property with the necessary sump pump and dry well for removing seepage from the crawl space, and for part of the sidewalk. Plaintiffs failed to allege or prove that defendants had knowledge of the fact that the house was built too close to one side of the lot boundary. Plaintiffs never inquired specifically of defendants where the lot line was located. No evidence was offered to show that defendants knew they were placing sod, shrubbery or the sump pump on the neighbor's lot. In short, the plaintiffs' pleadings and proof do not support a $4,000 judgment based upon fraudulent concealment. The present case is quite distinguishable from a case cited to us, *Russow v. Bobola* (1972), 2 Ill. App. 3d 837, 277 N.E.2d 767, where the sellers were very aware of the alleged defect and affirmatively took action to conceal it from the purchasers. Accordingly, the judgment is reversed as to the $4,000 award to plaintiffs based upon count I of the complaint.

■■ As aforesaid, count II of the complaint alleges a cause of action for defendants' breach of the implied warranty of habitability in the sale of a residence by a builder-vendor. In the recent landmark case of *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154, the implied warranty in the sale of a newly constructed residence by a builder-vendor was expanded beyond the warranty of habitability previously implied by the courts. The warranty of habitability was previously violated only by a home which (1) did not keep out the elements; (2) did not provide a reasonably safe place to live; (3) or was not structurally sound because of a substantial defect of construction. (*Goggin*

*v. Fox Valley Construction Corp.* (1977), 48 Ill. App. 3d 103, 365 N.E.2d 509; *Garcia v. Hynes & Howes Real Estate, Inc.* (1975), 29 Ill. App. 3d 479, 331 N.E.2d 634; *Hanavan v. Dye* (1972), 4 Ill. App. 3d 576, 281 N.E.2d 398; and *Weck v. A:M Sunrise Construction Co.* (1962), 36 Ill. App. 2d 383, 184 N.E.2d 728.) The alleged defects in the residence had to render the home uninhabitable. However, the supreme court, in the recent *Petersen* case, held that the builder-vendor impliedly warrants that the residence he sells is reasonably suited for its intended use. The implied warranty is limited to latent defects which interfere with this legitimate expectation in the purchaser that the house he is buying will be reasonably suited for its intended purpose, that of a residence.

■■ The alleged defects in the house built and sold by these defendants to plaintiffs are many. They range from the water seepage as in the *Hanavan* and *Garcia* cases to the faulty septic system and side lot building restriction violation, as well as a nonfunctioning sump pump and drain tile system. In our view of the law, these alleged defects fall within the implied warranty of habitability set forth in the *Petersen* case. Further, we conclude that the warranty habitability is applicable to the defendants who both constructed the house and sold it to plaintiffs. The record supports the finding of the trial court that a judgment should be entered in favor of plaintiffs on count II of the complaint alleging a breach of the implied warranty of habitability. The record manifestly supports a conclusion that the defects in this case were latent and were proved by a preponderance of the evidence.

■■ Defendants have argued that plaintiffs failed to exercise ordinary diligence for their own protection and hence should not recover. The *Petersen* court rejected the customary doctrine of caveat emptor for compelling reasons and, as we have heretofore stated, instead implied the warranty of fitness for its intended purpose to be occupied by a consumer as a residence. (*Petersen v. Hubschman Construction Co., Inc.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154.) We adhere to the reasoning expressed there and reject the defendants' argument.

■■ Defendants also contend that the parol evidence rule or alternatively that an exculpatory clause in the sale contract for the house prohibits plaintiffs' recovery. Similar arguments were also rejected in the *Petersen* case under the theory of a merger whereby all of the terms and conditions of the normal construction contract would be merged into the deed, thus preventing a further legal action based upon the terms of the construction contract. The supreme court in *Petersen* expressly rejected the doctrine of merger in favor of the implied warranty of habitability. As the supreme court stated in *Petersen*:

> "The implied warranty does not arise as a result of the execution of the deed. It arises by virtue of the execution of the agreement between the vendor and the vendee. If that agreement would have

contained express covenants concerning the quality of construction they would not have merged in the deed, but would have continued as a collateral undertaking. \* \* \*. The implied warranty, in a similar manner, exists as an independent undertaking collateral to the covenant to convey. As a matter of public policy it relaxes the rule of *caveat emptor* and the doctrine of merger in the special situation we are now discussing. It is implied as a separate covenant between the builder-vendor and the vendee because of the unusual dependent relationship of the vendee to the vendor. The implied warranty arises with the execution of the contract and survives the delivery of the deed." (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 41, 389 N.E.2d 1154, 1158.) We conclude, in a like manner, that neither the parol evidence rule nor boilerplate exculpatory language in the sale contract can prevent application of the implied warranty of habitability to protect the consumer-purchaser. The court in *Petersen* ruled that they would not consider a knowing waiver of the implied warranty of habitability to be against public policy, but they would strictly construe any disclaimer against the builder-vender.

■■ Having decided that the trial court properly entered judgment in favor of plaintiffs on the breach of warranty in count II, we next consider the plaintiffs' argument on cross-appeal that the damages in general are inadequate. We believe that the expanded warranty of habitability announced in the *Petersen* case should be given retroactive application. (*Garcia v. Hynes & Howes Real Estate, Inc.* (1975), 29 Ill. App. 3d 479, 331 N.E.2d 634; Whitman, *Implied Warranties in the Sale of a New Residence*, 2 Ill. Trial Law. J. 18 (1979).) Applying the expanded concept of fitness for its intended purpose, it is clear that the defects alleged and proved in the record greatly exceed the $2,707.31 awarded to plaintiffs by the trial court as to count II. The measure of damage in the case of a breach of the implied warranty of habitability is the cost of repair. (*Hanavan v. Dye* (1972), 4 Ill. App. 3d 576, 281 N.E.2d 398.) The damages awarded by the trial court in its judgment as to count II are manifestly against the weight of the evidence and are clearly inadequate. The judgment as to count II of the complaint will be reversed and the cause remanded to the trial court to properly determine plaintiffs' damages resulting from defendants' breach of the implied warranty of habitability.

The judgment of the Circuit Court of Tazewell County is reversed as to count I and reversed and remanded for a new trial as to damages only on count II.

Reversed and remanded with directions.

STENGEL and STOUDER, JJ., concur.