COUNTRY SQUIRE HOMEOWNERS ASSOCIATION, Plaintiff-Appellee, v. CREST HILL DEVELOPMENT CORPORATION, Defendant-Appellant.

Third District   No. 3—86—0034

Opinion filed November 21, 1986.

Timothy J. Rathbun, of Joliet, for appellant.

Scott Belford, of Joliet (Daniel Koehl, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Country Squire Homeowners Association, a townhouse homeowners organization, brought suit against defendant Crest Hill Development Corporation, the builder/developer, for damages allegedly resulting from a breach of the implied warranty of habitability. In a motion for summary judgment, defendant asserted that this cause was barred by a disclaimer in the sales contract. The trial court denied summary judgment, and the cause proceeded to trial. Defendant's motion for a directed verdict was denied, and the jury rendered a verdict in favor of plaintiff in the sum of $17,650. Defendant appeals from the judgment entered on the verdict. We reverse.

The contract for purchase and sale involved in this case consisted of three pages of print. The bottom third of the last page contained the space for signatures of the parties. The disclaimer paragraph was located in the middle of the last page, a short distance above the signatures. That paragraph provided:

"Seller agrees to deliver to Purchaser at the Closing or within a reasonable time thereafter a Home Warranty Agreement by Home Owners Warranty Corporation of Greater Chicago (HOW) for the Property. SELLER DISCLAIMS ANY AND ALL IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS AS TO THE PROPERTY, AND IN PLACE OF SUCH WARRANTIES, WHETHER ARISING FROM CUSTOM, USAGE, COURSE OF TRADE, STATUTORY OR CASE LAW OR OTHERWISE, IS THE HOW WARRANTY DESCRIBED ABOVE. The provisions of this paragraph shall survive the Closing and delivery of the deed to the Purchaser."

Defendant contends that this disclaimer was a bar to plaintiff's claim as a matter of law and, therefore, that the trial court erred in refusing to grant summary judgment or to direct a verdict for defendant.

The Illinois Supreme Court recognized the existence of an implied warranty of habitability which permits a purchaser to recover from the builder-seller for latent defects in a newly constructed home in *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154. In *Petersen* the court rejected the builder's argument

that the warranty of habitability was not breached because the defects in the structure did not render it unfit for habitation. The court said:

> "The mere fact that the house is capable of being inhabited does not satisfy the implied warranty. The use of the term 'habitability' is perhaps unfortunate. Because of its imprecise meaning it is susceptible of misconstruction. It would more accurately convey the meaning of the warranty as used in this context if it were phrased in language similar to that used in the Uniform Commercial Code, warranty of merchantability, or warranty of fitness for a particular purpose. See Ill. Rev. Stat. 1977, ch. 26, pars. 2—314, 2—315." 76 Ill. 2d 31, 41-42, 389 N.E.2d 1154, 1158.

Plaintiff argues that the disclaimer in the case at bar was defective because it did not use the phrase "warranty of habitability." This argument must fail because the contract did use the more meaningful terminology suggested by the supreme court—"the implied warranties of merchantability and fitness."

■ In *Petersen* the court also ruled that a disclaimer provision could be given effect. The court said:

> "Although the implied warranty of habitability is a creature of public policy, we do not consider a knowing disclaimer of the implied warranty to be against the public policy of this State. However, we do hold that any such a disclaimer must be strictly construed against the builder-vendor." 76 Ill. 2d 31, 43, 389 N.E.2d 1154, 1159.

The court went on to say that the disclaimer must be a conspicuous provision which fully discloses the consequences of its inclusion and that the vendor must show that the agreement between the parties in fact included the disclaimer. Here the disclaimer was the only capitalized sentence in the entire contract. Given the size of the print and the location near the space for signatures, it is conspicuous and would be noticed by anyone signing the contract. The language used is simple and direct: in place of implied warranties of merchantability and fitness, the buyer will receive a HOW warranty in a separate contract. Given the conspicuous location, large-size print, and the plain nontechnical language, we can only conclude that the disclaimer was, as a matter of law, part of the agreement between the parties.

Plaintiff relies upon a number of decisions holding that a disclaimer or waiver of the implied warranty of habitability did not bar an action by the buyer for breach of warranty. We have examined the cases cited by plaintiff and find that none of them involve a conspicu-

ous and clear disclaimer like the one in the case at bar. Those cases are: *Swaw v. Ortell* (1985), 137 Ill. App. 3d 60, 484 N.E.2d 61, and *Schoeneweis v. Herrin* (1982), 110 Ill. App. 3d 800, 443 N.E.2d 36, holding that an agreement to accept a house "as is" does not amount to a disclaimer of implied warranties; *Colsant v. Goldschmidt* (1981), 97 Ill. App. 3d 53, 421 N.E.2d 1073, holding that a clause on page 9 of a 14-page contract in print the same size as other clauses renouncing "any secondary or consequential damages caused by any defects" was insufficient to disclaim the implied warranty of habitability; *Herlihy v. Dunbar Builders Corp.* (1980), 92 Ill. App. 3d 310, 415 N.E.2d 1980, and *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 410 N.E.2d 902, holding that a clause in a standard form contract in print the same size as all other clauses which provided that the contract did not include representations, warranties, undertakings or promises, whether oral or implied, was not an effective disclaimer as a matter of law.

In *Tassan v. United Development Co.* the court included a prophetic statement:

> "[T]here may exist a situation where the language used in a contract is so clear and so conspicuous that no other reasonable conclusion could be reached but that the buyer both read and understood the language, in which case a court could find as a matter of law that the implied warranty was effectively disclaimed." (88 Ill. App. 3d 581, 589, 410 N.E.2d 902, 909.)

We are persuaded that the case at bar presents just such a situation. As defendant argued before this court, if there will ever be a case for sustaining a disclaimer as a matter of law, this is it.

Having concluded that the disclaimer is a bar to this cause of action as a matter of law, we need not consider the trial errors asserted by defendant. Therefore, we reverse the judgment entered in the circuit court of Will County in favor of plaintiff.

Reversed.

WOMBACHER and HEIPLE, JJ., concur.